FILED

2020 Dec-23  PM 02:33
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **KATRINA CARTER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 1:20-CV-01803-CLM** |
| | ) | |
| **CROWN ASSET** | ) | |
| **MANAGEMENT, LLC;** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER FOR DEFENDANT, CROWN ASSET MANAGEMENT, LCC

COMES NOW the Defendant, Crown Asset Management, LLC, and Answers the Plaintiff's Complaint in this matter as follows:

## JURISDICTION AND VENUE

1.    Defendant admits jurisdiction but has insufficient information to admit or deny venue at this time.

## PARTIES

2.    Defendant has insufficient information to admit or deny Plaintiff's place of residence.

3.    Defendant admits it is a foreign business and denies the remainder of this averment.

4.    Defendant has insufficient information to admit or deny this averment.

## FACTUAL ALLEGATIONS

5.    Defendant admits it counsel filed suit regarding Plaintiff's defaulted debt.

6.      Admitted.

7.      Defendant admits the suit claimed Plaintiff owed $2,438.56.

8.      Denied.

9.      Defendant admits its counsel filed suit regarding Plaintiff's defaulted debt.

10.     Admitted.

11.     Defendant admits the suit claimed Plaintiff owed $2,318.77

12.     Denied.

13.     Denied

14.     This is argumentative and cannot be fairly admitted or denied.  Defendant denies the material averments against it and demands strict proof thereof.

15.     Denied.

16.     Denied.

17.     Denied.

## COUNT ONE

18.     The Defendant reincorporates its previous answers as if fully set out herein.

19.     Denied.

20.     Denied.

## COUNTS TWO, THREE AND FOUR

Counts Two, Three and Four are subject to a simultaneously filed Motion to Dismiss.  No substantive answer is required.  The Motion to Dismiss is incorporated by

{W0674884.1 }

reference as if fully set out herein.  All material averments are denied and strict proof demanded thereof.

## **AFFIRMATIVE DEFENSES**

1.      The Defendant pleads not guilty.

2.      The Complaint fails to state a claim or cause of action for negligence, abuse of process or wantonness.

3.      The Defendant pleads the applicable statute of limitations.

4.      The Defendant pleads the general issue.

5.      The Defendant pleads litigation privilege and immunity.

6.      The Defendant pleads the Plaintiff has failed to mitigate damages in accordance with Alabama law.

7.      The Defendant pleads it acted in good faith based on the information known to it at all times and denies the absence of good faith or just cause to file suit against the Plaintiff as alleged herein.

8.      The Defendant pleads lack of reasonable reliance.

9.      The Defendant denies the existence of a material misrepresentation upon which the Plaintiff has relied.

10.      The Defendant pleads lack of damages.

11.      The Defendant does not waive the attorney client privilege, but pleads reliance on the advice of counsel regarding the decision to file suit to collect Plaintiff's debts.

12.      The Defendant pleads Plaintiff lacks standing under Article III of the United States Constitution, and has not suffered a concrete, particularized, tangible or real injury.

13.     To avoid waiver, if any claim under the FDCPA is allowed to proceed against this Defendant, and despite not being a debt collector, Crown Asset asserts any affirmative defense available to a defendant under the Fair Debt Collection Practices Act.

14.     Defendant pleads the complaint fails to state a claim or cause of action against it under the Fair Debt Collection Practices Act as it is not a debt collector.

15.     Defendant pleads the complaint fails to state a claim or cause of action pursuant to the Fair Debt Collection Practices Act as the allegations in the complaint do not constitute unfair, abusive, oppressive, false or misleading collections.

16.     The Defendant pleads the Noerr- Pennington Doctrine.

17.     The Defendant pleads, in its judgment, there was a good faith basis to proceed.

18.     The Defendant pleads some or all of Plaintiff's claims are preempted by Federal law.

19.     The Defendant pleads the Plaintiff was contributorily negligent to avoid waiver.

20.     The Defendant pleads estoppel.

21.     The Defendant pleads the voluntary payment doctrine.

22.     The Defendant pleads recoupment.

23.     Defendant denies it is guilty of conduct referable to which punitive damages could or should be award and denies that Plaintiff has produced clear and convincing evidence sufficient to support or sustain to support or sustain the imposition of punitive damages against Defendant.

24.     Plaintiff cannot recover punitive damages against Defendant because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended and the Constitution of the United States

unless Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

25.    Subjecting Defendant to punitive damages, or affirming an award of punitive damages against Defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)    any award of punitive damages against Defendant under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

(b)    there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such award is subject to no predetermined limits;

(c)    use of the Alabama Pattern Jury Instructions in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

(d)    any punitive damages award would not be subject to post trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

(e)    the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(f)     under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the alleged wrongful or culpable conduct;

(g)     under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h)     under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i)     an award of punitive damages should not be permitted to be assessed against Defendant for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Defendant;

(j)     an award of punitive damages should not be permitted to be assessed against Defendant vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Defendant;

(k)     Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(l)     under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(m)     the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant;

(n)     the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(o)     the procedures pursuant to which punitive damages are awarded fail to  provide a clear post-trial or appellate standard of review for an award of punitive damages;

(p)     the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(q)     an award of punitive damages would constitute an arbitrary and capricious taking of property of Defendant without due process of law.

26.     Plaintiff is not entitled to punitive damages from Defendant pursuant to the facts as alleged in Plaintiff's Complaint.

27.     Plaintiff's claim for punitive damages against Defendant is barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

28.     Imposition of punitive damages in this case against Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

29.     To award punitive damages against Defendant in this case would have a chilling effect upon Defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

30.     In the event that any portion of a punitive damages award against Defendant in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than plaintiffs, such an award would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

31.     To award punitive damages against Defendant in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

{W0674884.1 }

32.     Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ l, 6, and 22 of the Alabama Constitution, separately and severally.

33.     Plaintiff's claim for punitive damages violates the rights of Defendant to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

(a)     The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(b)     The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate;

(c)     The Hammond and Green Oil procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

(d)     The Hammond and Green Oil procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

(e)     This procedure is inadequate in that the trial court according to Hammond and Green Oil "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f)     The Hammond and Green Oil procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

27.     Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of <u>BMW of North America. Inc. v. Gore</u>, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (May 20, 1996).

28.     The demand for punitive damages in the instant case is subject to these limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama, as amended.

29.     The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and without effect. Under the United States Constitution, and the Constitution of the State of Alabama, the Alabama Supreme Court cannot abolish the punitive damages cap created by the legislature through judicial fiat. <u>Honda Motors Co. v. Oberg</u>, 512 U.S. 415, 431 (1994).

30.     If multiple punitive damage awards were assessed against Defendant it would violate the Constitutions of the United States and the State of Alabama, violating Defendant's rights to due process and to a jury trial and violating Defendant's right against double jeopardy.

31.     The Defendant reserves the right to assert additional defenses as discovery progresses in this matter.


                              Respectfully submitted,


                              /s/ Neal D. Moore, III
                              Neal D. Moore, III (ASB-3971-M73N)
                              *Attorney for Defendant*

{W0674884.1 }

**OF COUNSEL:**
**MOORE, YOUNG, FOSTER, & HAZELTON, LLP**
1122 Edenton Street
Birmingham, Alabama 35242
Phone: (205) 879-8722
Fax:    (205) 879-8831
NMoore@MY-defense.com

## CERTIFICATE OF SERVICE

This is to certify that on this the 23rd day of December 2020, a copy of the above and foregoing has been served upon counsel for all parties to this proceeding via CM/ECF:

John C. Hubbard
PO Box 953
Birmingham, AL 35201
jch@jchubbardlaw.com

/s/ Neal D. Moore, III
OF COUNSEL

{W0674884.1 }