FILED
2020 Dec-23  PM 02:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **KATRINA CARTER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.: 1:20-CV-01803-CLM** |
| ) | |
| **CROWN ASSET** ) | |
| **MANAGEMENT, LLC;** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANT, CROWN ASSET MANAGEMENT, LLC'S MOTION TO DISMISS

COMES NOW the Defendant, Crown Asset Management, LLC, (hereinafter referred to as "Crown Asset") and respectfully requests this Honorable Court to dismiss Count Two, Three, and Four of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). This suit arises from an Alabama small claims collection lawsuit filed by counsel representing Crown Asset to collect Plaintiff's delinquent debt. Plaintiff Carter prevailed in the debt collection suit and has filed this claim consequently. In essence, every claim in the Complaint is based on Plaintiff's allegation Crown Asset filed the underlying collection action without the intent to prove its case at trial.

The present Complaint has four claims: Count I is a claim under the Fair Debt Collection Practices Act ("FDCPA"); Counts II, III, and IV are based on Alabama

{W0674879.1 }

common law theories of negligence, wantonness, and abuse of process. The state law claims fail to state a claim or cause of action. Even if Plaintiff could prove Crown Asset filed the debt collection suit without the intention to prove its case at trial (a disputed fact this Honorable Court can assume is true for purposes of this motion) such a "fact" cannot support a claim for negligence, wantonness, or abuse of process based on Alabama law. Accordingly, Crown Asset moves to dismiss Counts II, III, and IV and in further support shows as follows:

### I.  STANDARD FOR DECIDING 12(b)(6) MOTION

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). The Supreme Court explained in the post-*Twombly* world of pleading, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A plaintiff must allege more than merely a "conceivable" claim;

a plaintiff must plead enough facts to state a claim for relief that is plausible on its face in order to survive a Defendant's motion to dismiss. *Id.*, *at* 679.[1]

## II.   LEGAL GROUNDS AND ARGUMENT

**A.   Counts Two and Three should be dismissed because there is no cause of action for the negligent or wanton filing or prosecution of a lawsuit.**

In Count II, Plaintiff asserts a claim for negligence; in Count III, she brings a claim for recklessness and wantonness. Each count is based solely on Crown Asset's counsel filing and prosecution of the underlying collection action. Counts Two and Three should be dismissed because there is no cause of action for the negligent or wanton filing or prosecution of a civil lawsuit under Alabama law. *See, e.g., Ex parte Miller, Taylor, Snider & Odom, LLC*, 942 So. 2d 334, 336, n.1 (Ala. 2006) (recognizing that "'a claim of negligent or wanton prosecution of a civil action is not a cognizable tort claim'") (quoting *Ex parte State Farm Mut. Auto. Ins. Co.*, 924 So. 2d 706, 711 (Ala. 2005)); *Stewart v. Bureaus Inv. Grp., LLC*, No. 3:10-CV-1019-WKW, 2015 WL 7572312, *21 (M.D. Ala. Nov. 24, 2015) ("When the prosecution of such a civil action is the conduct at issue, the claimant cannot prevail on a general

---

[1] Dismissal is also appropriate under Fed. R. Civ. P. 12(c) as the same standard applies to both a 12(b)(6) motion to dismiss for failure to state a claim and a 12(c) motion for judgment on the pleadings. *King v. Akima Global Servs., LLC* 775 Fed. Appx. 617, 620 (11th Cir. 2019)(unpublished); citing, *Carbone v. Cable News Network, Inc.* 910 F. 3d 1345, 1350 (11th Cir. 2018).

claim for wanton or intentional conduct."). Thus, Plaintiff's claims for negligence and recklessness and wantonness should be dismissed.

The precedent above makes sense.  While there are civil remedies for the misuse of the judicial system (like abuse of process, discussed below), those remedies do not arise from the traditional duty / breach analysis we all recognize from tort class.  Virtually every suit has a winner and loser, even those that settle. The non-prevailing party is not, and should not be, thereafter subject to a claim of negligence (or wantonness) for having filed and maintained the suit.  If losing a lawsuit equates to a "duty" never to have filed it, the chilling effect on litigation would be disastrous.  Many legitimate claims would never get filed.

In the present case, Plaintiff alleges Crown Asset filed the suit knowing it had insufficient evidence to prevail at trial.  This is not true.  But there is no need to rebut Plaintiff's assertion here.  Instead, it is simply enough to note that *even if* Plaintiff's claim is true, it would not be *negligent or wanton* for Crown Asset to file the suit. Perhaps it may constitute a violation of another civil remedy (it does not, but again, that point is immaterial now), but Alabama law does not recognize a claim for negligently suing somebody, and for good reason. The same holds true for wantonly filing suit.  These claims do not exist and Crown Asset respectfully asks this Honorable Court to dismiss Counts II and III for this reason.

### B. Plaintiff's abuse of process count fails to state a claim upon which relief may be granted, and it is due to be dismissed.

In Count IV, Plaintiff brings a claim for abuse of process, which – again – is based solely on the underlying state court collection action. "The essential elements of abuse of process are: 1) [a]n ulterior purpose[;] and 2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Reynolds v. McEwen*, 416 So. 2d 702, 706 (Ala. 1982). The second element requires that the process be effected for some purpose it was "not intended by law to effect," and a "defendant is not liable for abuse of process simply because it prosecuted the plaintiff with an ulterior purpose." *Willis v. Parker*, 814 So. 2d 857, 865-66 (Ala. 2001). In fact, even if Crown Asset's counsel had filed and thereafter dismissed its collection complaint without proceeding to trial, that still "cannot constitute wrongful use because . . . [t]here is no liability where the defendant has done nothing other than carry out the process to its authorized conclusion, even though with [or, even if having] bad intentions." *ClassroomDirect.com, LLC v. Draphix*, LLC, 314 F. App'x 169, 175 (11th Cir. 2008) (affirming dismissal of abuse of process claim under Alabama law) (quoting *Willis*, 814 So. 2d at 865). Thus, any implication of Plaintiff that Crown Asset's counsel filed and prosecuted the collection lawsuit with "bad intentions" is immaterial. Plaintiff has not alleged in any legally adequate manner how the use of the process was wrongful.

Moreover, a defendant cannot be liable for the tort of Abuse of Process where the lawsuit is brought for its stated purpose: "[There is no abuse of process] 'if the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint.'" *Duncan v. Kent*, 370 So. 2d 288, 290 (Ala. 1979) (*quoting* 1 Am.Jur.2d *Abuse of Process*, § 13 (1962)); *Dempsey v. Denman*, 442 So. 2d 63, 65-66 (Ala. 1983) (abuse of process does not lie where result of lawsuit is "precisely the result intended by the law to be effected by the process that is issued in such a suit"). In this case, Crown Asset's counsel stated in the complaint of the underlying lawsuit that Katrina Carter failed to pay the balance of $2,438.56 on the Old Navy Visa Card; Crown Asset was the assignee of the credit card; and Crown Asset demanded judgment against Katrina Carter for the sum of $2,438.56 plus court costs. Thus, the underlying lawsuit was brought for its stated purpose of collecting the debt owed by the Plaintiff and not for any ulterior motive. Therefore, Count Four should be dismissed.

In sum, because Plaintiff does not offer any substantive "fact" showing suit was filed for any purpose other than collecting the deb,, her abuse of process count fails to state a claim upon which relief can be granted. *See, e.g., Hollander v. Nichols*, 19 So. 3d 184, 194 (Ala. 2009) (agreeing with trial court that there was no indication of ulterior purpose in filing small-claims collection action where plaintiff "pursued the small-claims action to collect what he thought to be a legitimate debt"). As such,

Count IV fails to state a claim or cause of action, even in a light most favorable to the Plaintiff.

### C.     Conclusion

Plaintiff believes Crown Asset had no intention to prove its debt collection suit at trial.  This is untrue, but even pretending the opposite does nothing to save Counts II, III and IV from dismissal.  There is no cause of action for negligently filing a lawsuit.  There is no cause of action for wantonly filing a lawsuit.  Other civil remedies may exist, but they do not sound in basic tort concepts of negligence and wantonness.  Similarly, there can be no abuse of process when the alleged abusive lawsuit was filed for the *very purpose* stated within the suit itself.  Abuse of process requires an ulterior motive.  Plaintiff admits the suit was filed by its counsel to collect a debt and admits Crown Asset's counsel filed the suit with the hope of settling the debt or securing a default judgment.  Even if Crown Asset knew it could not prevail at trial, these pled "facts" represent the opposite of abuse of process.  Counts II, III and IV fail to state a claim and Crown Asset respectfully requests this Honorable Court to grant this motion and dismiss Counts II, III, and IV with prejudice.

        Respectfully Submitted,

        /s/ Neal D. Moore, III
        Neal D. Moore, III (ASB-3971-M73N)
        *Attorney for Defendant*

{W0674879.1 }

**OF COUNSEL:**
**MOORE, YOUNG, FOSTER & HAZELTON, LLP**
1122 Edenton Street
Birmingham, Alabama 35242
Phone: (205) 879-8722
Fax:   (205) 879-8831
NMoore@MY-defense.com

## CERTIFICATE OF SERVICE

      This is to certify that on this the 23rd day of December, 2020, a copy of the foregoing document has been served upon counsel for all parties to this proceeding via CM/ECF:

John C. Hubbard
PO Box 953
Birmingham, AL 35201f
jch@jchubbardlaw.com
*Attorney for Plaintiff*

                                  /s/ Neal D. Moore, III
                                  OF COUNSEL