# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| KATRINA CARTER, | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) 1:20-CV-01803-CLM |
| | ) |
| CROWN ASSET | ) JURY TRIAL DEMANDED |
| MANAGEMENT, LLC; | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

## PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Katrina Carter, by and through undersigned counsel, and for her amended complaint states as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendant transacted business in this district, and the Plaintiff resides in this district.

## PARTIES

2.  The Plaintiff is a resident and citizen of the State of Alabama, Talladega County, and is over the age of twenty-one (21) years.

3.  The Defendant, Crown Asset Management, LLC ("Crown Asset Management"), is incorporated in Georgia and was, in all respects and at all times

relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State.  Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in Talladega County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

4. All events herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

5. On March 3, 2020, Defendant brought a lawsuit against Plaintiff in the Small Claims Court of Talladega County, Alabama alleging Defendant owned a delinquent account between Plaintiff and Synchrony Bank, an entity not a party to this lawsuit.

6. That lawsuit was assigned case number SM-2020-900239.00.

7. Defendant claimed Plaintiff owed it $ $2438.56.

8. On August 11, 2020, a trial was held in which Defendant did not attempt to introduce any evidence at all to prove the claim.  Therefore, the Court dismissed the case.

9. On March 25, 2020, Defendants brought a lawsuit against Plaintiff in the Small Claims Court of Talladega County, Alabama alleging Defendant owned a delinquent account between Plaintiff and Synchrony Bank, an entity not a party to this lawsuit.

10. That lawsuit was assigned case number SM-2020-900317.00.

11. Defendants claimed Plaintiff owed it $2318.77.

12. On September 8, 2020, a trial was held.

13. Defendant introduced and offered an affidavit executed by Defendant employee Christi Mackiewicz. The affidavit stated Christi Mackiewicz was familiar with and trained on the manner and method by which the business records she reviewed were created and maintained on behalf of Defendant.

14. Plaintiff alleges that Christi Mackiewicz has no personal knowledge of the statements made in the affidavit regarding the documents of Synchrony Bank.

15. Plaintiff alleges that the records Christi Mackiewicz purportedly reviewed were records of Synchrony Bank. Plaintiff alleges that Christi Mackiewicz could not and cannot testify regarding the creation or maintenance of Synchrony Bank's business records and that she lacks personal knowledge of how those business records are prepared or maintained.

16. Defendant failed to produce any witnesses and otherwise failed to produce any competent evidence to prove the claim. Therefore, the Court dismissed the case.

17. Plaintiff has never done business with Defendant and has never owed Defendant any money.

18. The cases filed against Plaintiff are not outliers nor were they filed by mistake. Rather, as discovery in this case will likely show, they are merely examples of the unfair and intentionally illegal business model that Defendant has put into place which violates the Fair Debt Collection Practices Act.

19. Each year Defendant files or causes to be filed hundreds if not thousands of lawsuits against consumers in Alabama without any intention of proving the claims it alleges; with the knowledge that it will not call any witnesses to testify on its behalf at trial and knowing that it would not be able to offer competent evidence at trial.

20. The pattern and practice of Defendant is to file lawsuits, such as the Small Claims Court lawsuits at issue in this case, in an attempt to either secure a default against the Alabama consumers who fail to answer the complaints or to coerce a settlement or consent judgment from the consumers at the courthouse before trial when Defendant knows it has no witnesses and no competent evidence to prove the claims.

21. Defendant's actions constitute a pattern and practice of initiating lawsuits against consumers without the intent to prove the allegations under the Rules of Civil Procedure or to provide the necessary witnesses to prove its allegations.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

22. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

23. The foregoing acts and omissions of Defendant and its employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, 15 U.S.C. § 1692d §1692e and §1692f with respect to Plaintiff.

24. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the Defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA and state law;

B. Statutory damages;

C. Compensatory, actual and punitive damages;

D. Costs and reasonable attorneys' fees;

E. Such other and further relief that this Court deems necessary, just and proper.

/S/ JOHN C. HUBBARD
JOHN C. HUBBARD

                                                Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com