FILED
2021 May-04 PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Defendant's Exhibit B:

# Affidavit of Crown Asset Management, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KATRINA CARTER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:20-CV-01803-CLM |
| ) | |
| CROWN ASSET ) | |
| MANAGEMENT, LLC; ) | |
| ) | |
| Defendants. ) | |

**AFFIDAVIT FOR CROWN ASSET MANAGEMENT, LLC**

1. My name is Rebekah Luebcke. I am a resident of the state of Georgia. I am over the age of twenty-one and have personal knowledge of the facts in this affidavit.

2. I am the Director of Operations for Crown Asset Management, LLC. I understand this affidavit will be used in support of a Motion for Summary Judgment in the matter of *Katrina Carter v. Crown Asset Management, LLC*, pending in the United States District Court for the Northern District of Alabama, Eastern Division, Civil Action No: 1:20-cv-01803-CLM.

3. As part of my job at Crown Asset Management, LLC ("CAM"), I know the practices of CAM regarding the accounts it owns. This includes, but is not limited to, the process to collect delinquent balances.

4. CAM is the owner of Katrina Carter's Old Navy Visa account underwritten by Synchrony Bank and charged off on January 28, 2019.

5. Because I know this affidavit will be filed in Court, only a portion of the account number will be provided in my affidavit. I can provide the full account number under seal or for review by the parties or the Court. The account number for Katrina Carter's Old Navy Visa card ends with 4049.

6. The charge-off amount for account 4049 was $2,438.56.

7. CAM is also the owner of Plaintiff Katrina Carter's JCP credit card account, underwritten by Synchrony Bank, and charged off on January 30, 2019.

8. Because I know this affidavit will be filed in Court, only a portion of the account number will be provided in my affidavit. I can provide the full account number under seal or for review by the parties or the Court. This account ends in 5750.

9. The charge-off amount for account 5750 is $2,318.77.

10. CAM attempted to resolve both the Old Navy account and the JCP account with the Plaintiff before referring either account to counsel. During this process, Katrina Carter never disputed liability for either debt. Furthermore, during this process, Katrina Carter never requested validation of either debt as allowed by the Fair Debt Collection Practices Act.

11. Both accounts were referred to a law firm Rausch, Sturm, Israel, Enerson & Hornik, LLP ("Rausch Sturm") for collections.

12. CAM requires Rausch Sturm to collect all accounts in accordance with any applicable Federal and State laws. Rausch Sturm is required to know the law in any particular venue where suit is filed. Rausch Sturm is required to know local procedural rules and local evidentiary rules in evaluating whether to file suit.

13. CAM relies on Rausch Sturm independently to evaluate each account for suit-worthiness. There is no requirement for Rausch Sturm to file a collection lawsuit on any account referred by CAM. In fact, CAM relies on Rausch Sturm not to file suit if there is an inadequate factual or legal basis to pursue the account through litigation.

14. Rausch Sturm is responsible for accurately stating information in the Complaint. As it pertains to the Old Navy account, CAM provided Rausch Sturm with approximately forty-one pages of billing records from Katrina Carter's specific account showing her use of the credit card and the charge-off date and amount. Rausch Sturm also provided evidence of its ownership of the account and an affidavit in support of Motion for Summary Judgment to be used at Rausch Sturm's discretion. These records were provided to Rausch Sturm before the lawsuit was filed.

15. In regard to the JCP account, CAM provided Rausch Sturm approximately fifty-one pages of billing records showing Katrina Carter's use of the credit card and the charge-off date and amount. CAM also provided evidence of its ownership of the account and an affidavit in support of Motion for Summary Judgment to be used at Rausch Sturm's discretion. These records were provided to Rausch Sturm before the lawsuit was filed.

16. CAM has a process in place for counsel to request witnesses at trial either live, by telephone or by video.

17. If at any point up to and including the time of trial, counsel believes the case should be dismissed, for any factual or legal reason, counsel is fully authorized to do so. CAM relies on counsel to dismiss a case if the facts or law show dismissal is appropriate.

18. CAM relies on counsel to use the provided records and affidavits, and to present evidence and/or seek witnesses at trial, as may be appropriate under the facts of any given case.

19. Even after suit is filed, counsel is authorized and encouraged to attempt to resolve the dispute short of trial. However, CAM expects and intends in every filed case to proceed to trial if it cannot be settled amicably beforehand. The only exception is if, prior to trial, the facts and law warrant dismissal in the judgment of collection counsel.

_____
Rebekah Luebcke

State of GEORGIA       )
County of Gwinnett     )

Before me, the undersigned authority, a notary public, in and for said county and state, personally appeared **Rebekah Luebcke, on behalf of Crown Asset Management, LLC,** who being by me first duly sworn and who being known to me, deposes and says that the facts set out in the foregoing are true and correct, to the best of his/her knowledge, information and belief.

Sworn to and subscribed before me on this the __1__ day of __March__, 2021.

_____
Notary Public
My Commission Expires __8-8-24__

