

FILED
2021 Jun-09  PM 05:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **KATRINA CARTER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 1:20-CV-01803-CLM** |
| | ) | |
| **CROWN ASSET** | ) | |
| **MANAGEMENT, LLC;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant Crown Asset Management, LLC, and submits this Reply to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment [Court Doc. #23] regarding Plaintiff Katrina Carter's alleged Fair Debt Collection Practices Act claim:

TABLE OF CONTENTS ........................................................................ii

I.    DEFENDANT'S RESPONSE TO PLAINTIFF'S NARRATIVE OF  FACTS
      ...........................................................................................1

II.   ARGUMENT........................................................... 1-12

      a.  Plaintiff's purported Fair Debt Collection Practices Act claim based on
          "misrepresentation" has already been addressed and Defendant is
          protected    by    doctrine    of    absolute    witness    immunity
          regardless………………………...........................................1-7

          i.   Plaintiff's claim fails under § 1692e and §1692f of the FDCPA
               which Defendant has already briefed………………….............1-2

          ii.  The Plaintiff's claim of misrepresentation fails because the
               Defendant is protected by the doctrine of absolute witness
               immunity……………………...................................................2-7

          iii. Carter's claims under § 1692f fails because Plaintiff fails to state
               claim upon which relief can be granted........................19

      b.  Plaintiff's claims are due to be dismissed because Plaintiff has not proven
          with particularity any discovery is needed pursuant to Federal Rule of Civil
          Procedure 56(d). . ……………………………………………………8-12

III.  CONCLUSION.........................................................12

      CERTIFICATE OF SERVICE.............................................13

## I.   DEFENDANT'S RESPONSE TO PLAINTIFF'S NARRATIVE OF FACTS

Plaintiff did not offer her own narrative of any undisputed or disputed facts, nor did she dispute Defendant's statement of facts. In accordance with this Court's Summary Judgment requirements, "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment." [Court Doc. #14-1, Page 25]. Because Plaintiff did not dispute Defendant's narrative of the facts, the entire factual basis for Defendant's Motion for Summary Judgment is uncontested.

## II.   ARGUMENT

**a. Plaintiff's purported Fair Debt Collection Practices Act claim based on "misrepresentation" has already been addressed and Defendant is protected by the doctrine of absolute witness immunity regardless.**

**i. Plaintiff's claim fails under § 1692e and § 1692f of the FDCPA which Defendant has already briefed.**

Plaintiff argues Defendant failed to address her Fair Debt Collection Practices Act (FDCPA) claim to the extent it is based on an alleged misleading affidavit offered by Crown's counsel in the underlying case of *Crown Asset Management v. Katrina Carter*, Case No.: 61-SM-2020-900317.00, in the Small Claims Court of Talladega County, Alabama. The misleading affidavit is not attached to the Plaintiff's Reply, nor is there an allegation – much less evidence -  the "deceptive"

affidavit was part of the trial court's ruling (in favor of Plaintiff Carter). This is the prototypical unsupported and conclusory averment entirely insufficient to defeat a properly supported Motion for Summary Judgment. See *Smith v. OFC. Eric Andrews*, 2016 WL 6818755 (S.D. Ga. 2016) (finding Plaintiff's unsworn and conclusory allegations insufficient to defeat Defendant's motion for summary judgment).

However, even if Plaintiff's contention regarding a "misleading" affidavit was part of the substantive record, the nature of her claim does not change and the Defendant has addressed any putative FDCPA claim arising from the underlying debt-suit in its initial Motion for Summary Judgment. [Court Doc. #21]. If well pled, Plaintiff's claim of misrepresentation falls under § 1692e[1] or § 1692f[2] of the FDCPA, which has already been briefed. Moreover, Plaintiff's contention Defendant offered the affidavit at trial only undermines the basis for her entire claim, namely Defendant had no intent to prove its case against the Plaintiff to begin with. Plaintiff has no viable FDCPA claim regardless of how she frames the issue.

   **ii. The Plaintiff's claim of misrepresentation fails because the Defendant is protected by the doctrine of absolute witness immunity.**

---

[1] A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. § 1692e. False or misleading representations, 15 U.S.C. § 1692e.

[2] A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. § 1692f. Unfair practices, 15 U.S.C. § 1692f.

If Plaintiff's claim regarding a false affidavit were true – and it is not – it would not matter.  Statements made during litigation are protected as privileged. The United States District Court for the Northern District of Florida addressed this in *Beck v. Codilis & Stawiarski, P.A., et al.,* finding attorneys who inexcusably filed false affidavits in a state court action to collect a debt were nonetheless immune from civil liability on the grounds of common law witness immunity. 2000 U.S. Dist. LEXIS 22440 (N.D. Fla. 2000).   The plaintiff in *Beck* brought claims under the FDCPA alleging the defendants violated 15 U.S.C. §§ 1692f(l), e(2), and 10 by demanding attorney's fees and title search fees not based on hours worked, demanding amounts not incurred by the firm, and submitting false affidavits. *Id.*  at *2. The Court dismissed each of the plaintiff's claims based on the common law right of witness immunity.   *Id.* at *6. "That the affidavits were false does not, however, mean that plaintiffs may recover in this action.  To the contrary, the longstanding principle of absolute witness immunity bars plaintiffs' claims." *Id.*

Further, the Court determined claims filed under the FDCPA do not override common law immunity. *Id.*  "In the absence of any express indication that Congress intended a different result, absolute witness immunity would be held applicable to actions under the [FDCPA]."  *Id.*  The court continued, "When Congress adopted the Fair Debt Collection Practices Act, it presumably was aware of absolute witness immunity.  Congress gave no express indication, however, of any intent to override

that doctrine.   Here … plaintiff's interests 'must yield to the dictates of public policy'; their claims based on the giving of false testimony are barred."   *Id*.   The plaintiff could not succeed in her suit because the Defendants statements were made in the course of pending litigation.   *Id*.

Similarly, Plaintiff Carter's claim is based on violations of the FDCPA. In opposition to summary judgment, she alleges Crown's employee made misrepresentations in an affidavit offered at trial. Accepting Carter's claim as true only for purposes of this Motion, the FDCPA claims still must be dismissed.   The affidavit in question was offered as trial testimony pursuant to Alabama Small Claims Rule J[3].   In other words, it is trial testimony to be given the weight the trier of fact deems appropriate.   Plaintiff Carter alleges the affidavit was presented at trial, and for this reason the common law witness immunity discussed by the *Beck* Court applies. Defendant disputes the affidavit was misleading or false, but this Honorable Court need not decide that issue. Even if false, public policy and the doctrine of witness immunity requires the dismissal of Plaintiff's FDCPA claim based on misleading or "false" trial testimony.

---

[3] Alabama Small Claims Rule J reads, in pertinent part, "[t]he court in its discretion may participate freely in the examination of parties and witnesses, may relax the rules of evidence and may receive sworn written or recorded statements of witnesses or parties not present at the trial."

Similarly, the United States District Court for the Eastern District of Kentucky held a debt collector was immune from civil prosecution under the FDCPA for allegedly false claims made in an affidavit filed with the District Court in an action to collect a debt. *Etapa v. Asset Acceptance Corp. and Greene & Cooper, P.S.C.,* 373 F.Supp.2d 687, 2004 U.S. Dist. LEXIS 27315 (E.D. Kent. 2004).   In *Etapa,* Plaintiff initiated an action claiming the defendant violated various sections of the FDCPA by using false, misleading, or deceptive representations in connection with the collection of the outstanding debt. *Id.* at 689. The defendant executed an affidavit which included an allegedly false claim that the defendant was a holder in due course of plaintiff's account which was then filed in the district court. *Id.*  The Court first discussed whether the defendant's affidavit constituted testimony in a legal proceeding. *Id.*  at 690. The Court correctly stated "other jurisdictions have recognized that testimony proffered by a witness in an affidavit is an important part of the judicial process and it should enjoy the same protection as testimony provided in court." *Id.* at 690-91. See *Collins v. Walden,* 613 F. Supp. 1306 (N.D. Ga. 1985) (finding each of the defendants immune from civil liability for his or her part in the presentation of false affidavits to the court). In recognition of that principal, the Etapa Court concluded  "Asset Acceptance's statement qualifies for protection under the doctrine of absolute witness immunity." *Id.* at  691.

The Court then discussed the possibility that the FDCPA abrogated the doctrine of witness immunity, ultimately holding, "There is nothing on the face of the FDCPA that suggests that Congress intended for it to abrogate the doctrine. Accordingly, the Court finds that the FDCPA does not abrogate the doctrine of absolute witness immunity." *Id.* at 691.  The FDCPA properly prohibits misleading and deceptive collection tactics but does not work to restrict the litigation process. To hold otherwise would render every lawyer or witness civilly liable if an affidavit evidencing a disputed indebtedness was at all inaccurate or simply disbelieved.  In the latter scenario, should the plaintiff prevail regarding a contested debt, the filing party would automatically be liable under the FDCPA because the complaint initiating the suit "misrepresented" the nature of the debt since Plaintiff was judged not to owe it.  This is not the law, nor should it be.

The position advanced by the plaintiff is akin to holding a claimant in a civil fraud case liable to the defendant for defamation should the civil suit fail.  In that scenario, the statement was "published" when the complaint was filed and must have been false or else the jury would not have found for the defense.  This is the very result the Witness Immunity Doctrine was created to <u>prevent</u>.  The rules have not changed simply because this case is brought pursuant to the FDCPA.  Had the drafters of the FDCPA, or any of the committees participating in revisions to the FDCPA, intended such a result it surely would have been explicit in its language.

There is nothing in the FDCPA indicating this is the one area of the law where witness immunity does not apply. The types of "false" and "misleading" statements prohibited by the FDCPA concern unscrupulous debt collectors telling debtors they will go to jail if a debt is not paid, telling the debtors fictitious deadlines exist regarding payment, or otherwise leaving the debtor to believe untrue things about the indebtedness in order to inspire payment. The present case has nothing to do with these types of abuses. This affidavit, even if it ultimately turns out to be inaccurate is not the type of "false" or "misleading" collection conduct the FDCPA seeks to address.

The *Etapa* decision is based on facts strikingly similar to the instant matter; a creditor was found to enjoy absolute witness immunity as it related to allege false statement made through an affidavit filed with the court in an action to collect a debt. In this matter the plaintiff alleges the defendant violated the FDCPA by submitting a sworn affidavit during trial. No matter the content of the affidavit or the veracity of the plaintiff's allegations regarding the nature of the assertions contained in it, the Defendant in this matter is subject to the absolute witness immunity discussed in the *Etapa* and *Beck* decisions outlined above. As a result, the plaintiff's allegations of FDCPA violations fail as there is no genuine issue of material fact and no method by which the plaintiff's allegations survive absolute witness immunity.

### b. Plaintiff's claims are due to be dismissed because Plaintiff has not proven with particularity any discovery is needed pursuant to Federal Rule of Civil Procedure 56(d).

Though in many cases summary judgment should not be granted until the party opposing the motion has exhausted the discovery process, the Eleventh Circuit Court of Appeals has not adopted a "blanket prohibition on the granting of summary judgment motion before discovery." *Reflectone, Inc. v. Farrand Optical Co., Inc.* 862 F. 2d 841, 843 (11th Cir. 1989).

> Rule 56(f)[4] specifically addresses the question of summary judgment before discovery has taken place. The party opposing summary judgment may move the court to permit the discovery necessary to oppose the motion. The party seeking to use rule 56(f) " 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts,' but rather he must specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'"

*Id.* (quoting *Wallace v. Brownell Pontiac– GMC Co.,* 703 F.2d 525, 527 (11th Cir.1983) (quoting *SEC v. Spence & Green Chem. Co.,* 612 F.2d 896 (5th Cir.1980)). "A Rule 56[d] motion," however, "must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). The

---

[4] When *Reflectone, Inc. v. Farrand Optical Co.* was decided, the portion of the Federal Rules of Civil Procedure allowing a nonmovant to submit an affidavit showing why it cannot present facts essential to justify its opposition to summary judgment was Rule 56(f). This same rule is presently Federal Rule of Civil Procedure 56(d).

Plaintiff "must conclusively justify [her] entitlement to the shelter of [Rule 56(d) ] by presenting specific facts explaining the inability to make a substantive response." *Franklin v. Caterpillar Inc.*, 1:13-CV-0888-KOB, 2015 WL 535655 (N.D. Ala. Feb. 10, 2015).

In *Smith v. City of Pelham,* the plaintiff  moved for a Rule 56(d) Motion in the United States District Court for the Northern Division of Alabama after the defendant filed its Motion for Summary Judgment. 2:17-CV-1320-VEH, 2018 WL 1182605, *1 (N.D. Ala. Mar. 7, 2018). In support of her motion, the plaintiff submitted a declaration from her attorney referring to five areas in which she would like discovery. *Id.* at *3. Specifically, she stated:

> Discovery is needed with regard to the deposition of Defendant Palmer to rebut his Declaration; relevant personnel records; relevant leave and leave policy records; information relevant to the investigation allegedly relied on by Defendants in support of Smith's termination; discovery regarding the due process allegedly afforded Smith; and discovery relating to Smith's claims that Defendants defamed her with a poor reference, interfering with her post-termination employment opportunities.

*Id.* When considering the plaintiff's Rule 56(d) motion and declaration, the Court stated, "A party cannot use Rule 56(d) as a springboard for a fishing expedition or a delay tactic but must instead specify what documents or discovery are needed, and why those materials are relevant to the issues raised on summary judgment." *Id.* at *4. (quoting *Vision Bank v. Merritt*, No. 10–0301–WS–C, 2010 WL 5474161, *3

(S.D. Ala. Dec. 8, 2010)). With this in mind, the Court was not persuaded the plaintiff had met her burden as the attorney's declaration did not "specifically state what relevant facts she plan[ned] to explore through discovery" much less explained "what facts she need[ed] to develop to allow her to address [the] issue central to Defendant's Motion." *Id.* at *4-5. Therefore, the Court denied the plaintiff's Rule 56(d) Motion.

In *Vision Bank v. Merritt*, Vision Bank filed a Motion for Partial Summary judgment for its breach of contract claim against Merritt. 2010 WL 5474161, *1 (S.D. Ala. 2010). In response, Merritt contended Vision Bank's motion was premature and requested an extension of time because  no discovery had yet been conducted.  *Id.* Merritt's sole basis for seeking postponement of the motion was he "require[d] discovery on Vision's claims, mitigation efforts, collection efforts, and all documents and communications surrounding these notes and Vision's allegations that Merritt is personally liable on said notes." *Id.* at *3. When considering whether Merritt made a sufficient showing to activate Rule 56(d)'s protections, the Court stated Merritt did not explain what facts concerning Vision's claims he might need to formulate a response, why discovery would be germane to the issues in the motion, or how any facts he might potentially obtain would be pertinent to his defense against the Rule 56 motion. *Id.* In sum, Merritt's allegations were "far too vague to derail Visions Rule 56 Motion" and failed to satisfy his burden of "showing

specifically why 'it cannot present facts essential to justify its opposition' without first undertaking discovery in the specified area." *Id.*

Similarly to *Smith* and *Vision,* Plaintiff in this case has not met her burden of showing why discovery is necessary. Plaintiff, in support of her Rule 56(d) motion, submitted an affidavit from her attorney, John Hubbard, alleging discovery is needed in order to fully reply to Defendant's Motion for Summary Judgment. However, the affidavit states not a single specific fact which Carter expects discovery would reveal, nor explains how any such unidentified fact will create a genuine issue regarding the arguments raised in Crown's Motion for Summary Judgment. The Affidavit of Hubbard merely states, in a vague and conclusory manner:

> 4. In general, Plaintiff must conduct discovery on Defendant CAM"S policies, business practices, and its relationship with outside counsel.
>
> 5. Exhibit A: Plaintiff requires discovery as to the practices and procedures used by the firm and especially those provided by Defendant CAM. Plaintiff also requires discovery as to the factual assertions made by Mr. Patrick.
>
> 6. Exhibit B: Plaintiff requires discovery on the policies and procedures in collecting debts and the relationship with outside counsel.
>
> 7. Exhibit C: Plaintiff requires discovery on the communications between Defendant CAM, Mr. Kies, other outside counsel, the documents available to him, instructions provided to him, and his understanding of Rule J.

(Doc. 22-1, Page 1). The Affidavit of Hubbard never explain how discovery will create factual issues necessary to defeat Defendant's Motion for Summary

Judgment. In fact, the information about which he will inquire is already provided within the affidavits themselves.  Counsel Hubbard relies only on "vague assertions" that discovery is needed in order to respond to Defendant's Motion for Summary Judgment but lacks specificity as to how those materials are relevant to the issues raised. In essence, the "why" of Plaintiff's argument for discovery is missing, a crucial factor in determining whether discovery is warranted at all before granting a motion for summary judgment. Because of this, Plaintiff's Rule 56(d) motion should be denied, and summary judgment should be granted in Defendant's favor as there is no genuine issue of material fact.

## III.   <u>CONCLUSION</u>

WHEREFORE PREMISES CONSIDERED, Defendant respectfully request this Honorable Court enter an order granting summary judgment in its favor, and dismissing this case in its entirety, with prejudice. As demonstrated, *supra*, there is no genuine issue of material fact. Defendant Crown is entitled to judgment as a matter of law on Plaintiff's claim.

Respectfully submitted,

/s/ Neal D. Moore, III
Neal D. Moore, III
*Attorney for Defendant*

**OF COUNSEL:**
**MOORE, YOUNG, FOSTER, & HAZELTON, LLP**
1122 Edenton Street
Birmingham, Alabama 35242
Phone: (205) 879-8722
Fax:   (205) 879-8831
NMoore@my-defense.com

## CERTIFICATE OF SERVICE

This is to certify that on this the 9th day of June, 2021, a copy of the above and foregoing has been served upon counsel for all parties to this proceeding via Alafile:

John C. Hubbard
PO Box 953
Birmingham, AL 35201
jch@jchubbardlaw.com


/s/ Neal D. Moore, III
OF COUNSEL